IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTINA MARTIN,

        Plaintiff,

v.                                 CIVIL ACTION NO.   2:16-cv-06788

MILTON MOODY, et al.,

        Defendants.

## MEMORANDUM OPINION & ORDER

Pending before the court is the plaintiff's Motion to Remand [ECF No. 5]. The defendants filed their Response [ECF No. 6], and the plaintiff filed her Reply [ECF No. 7]. For the reasons provided below, the Motion is **DENIED**.

## I.    Background

This action was originally filed in the Circuit Court of Kanawha County, West Virginia, on February 25, 2016. *See* Compl. [ECF No. 1-1]. The plaintiff's claims arise from an April 25, 2014, automobile collision on Interstate 64 in Charleston, West Virginia. *Id.* ¶¶ 7–9. At the time of the collision, Moody was allegedly driving a tractor-trailer owned by defendant Douglas & Sons, Inc. *Id.* ¶ 8. According to the Complaint, Moody maneuvered the tractor-trailer into the plaintiff's traffic lane, striking the plaintiff's vehicle and pushing her vehicle into a concrete barrier wall. *Id.* ¶ 10. The plaintiff alleges that she suffered, and will continue to suffer, injuries

to her body. *Id.* ¶ 14. The plaintiff does not specify a monetary demand in her Complaint. Instead, the plaintiff demands compensatory damages, punitive damages, pre-judgment and post-judgment interest, and attorneys' fees, costs, and expenses. *Id.* ¶ 21.

On July 28, 2016, the defendants filed their Notice of Removal [ECF No. 1], invoking the court's diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 and § 1446(b)(3). *See* Notice of Removal 7. On August 4, 2016, the plaintiff moved to remand this action solely on the procedural ground that the defendants untimely filed their Notice of Removal.[1]

## II.    Jurisdiction

The defendants removed this action pursuant to 28 U.S.C. § 1446. Notice of Removal 7. The defendants aver that the court has diversity subject-matter jurisdiction over this action because the plaintiff is completely diverse in her citizenship from both of the defendants and because the amount in controversy exceeds $75,000. *See id.*; *see also* 28 U.S.C. § 1332.

---

[1] The plaintiff's Motion did not challenge the court's subject-matter jurisdiction over this case, such as by challenging the existence of diversity of citizenship or the satisfaction of the amount in controversy threshold. The plaintiff raises for the first time in her Reply the issue of whether the defendants can demonstrate that the requisite $75,000 amount in controversy threshold is met. I recognize that a party may challenge the court's jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1447(c). Yet, the required course for a party seeking a court order is to file a motion. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."). "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. Sept. 11, 2006) (citing *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)). Accordingly, as the plaintiff has not challenged the court's jurisdiction in her Motion to Remand, I will consider only the plaintiff's arguments regarding the timeliness of the Notice of Removal. To the extent that the plaintiff may have a more efficacious argument for remand based on the lack of subject-matter jurisdiction, I suggest that the plaintiff file a proper motion.

III.   **Legal Standard**

To remove an action from state court to federal court, a defendant must file a notice of removal with the appropriate district court. *See* 28 U.S.C. § 1446(a). Generally, a defendant has thirty days after receiving the initial pleading or summons to file the notice of removal. *See* 28 U.S.C. § 1446(b). An exception to the general rule is that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3).

A defendant's notice of removal is not required to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332' . . . so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for

removal by making jurisdictional allegations in the same manner." (citation omitted)). "Of course, on a challenge of jurisdictional allegations, '[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.'" *Id.* (quoting *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). When jurisdiction is challenged, the removing party must prove jurisdiction by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *see also Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.").

## IV.   Discussion

The plaintiff's Motion does not challenge the court's subject-matter jurisdiction over this action—more specifically, the Motion does not challenge the jurisdictional averments contained in the Notice of Removal. Instead, the plaintiff's sole argument is that the Notice of Removal was filed out-of-time. Interestingly, the plaintiff's Motion does not mention 28 U.S.C. § 1446(b)(3), which permits a defendant to remove an action within thirty days after the defendant first ascertains that "the case is one which is or has become removable." The defendants cited to § 1446(b)(3) to justify the timing of their Notice of Removal, yet the plaintiff completely ignores the provision in her Motion.

The Fourth Circuit has held the following:

[O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "*stated* by the initial pleading" not

4

> removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.

*Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). "[T]he term 'other paper' has been construed to include, for example, requests for admissions, deposition testimony, settlement offers, answers to interrogatories, briefs, and product identification documents given in discovery." *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008) (citation omitted). "In determining whether the grounds for removal were ascertainable from a motion, order or other paper, a court must not inquire into the subjective knowledge of the defendant." *Id.* The court should instead "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern*, 121 F.3d at 162.

The Complaint does not state any information regarding the amount of damages the plaintiff incurred. A generic list provides the only description of the plaintiff's losses and injuries:

- medical expenses;
- pain and suffering;
- physical limitations;
- diminished capacity to enjoy life;
- announce and inconvenience;
- loss of household services;
- permanent impairment;
- mental anguish;
- future pain and suffering;

5

- future medical services and consequent costs therefore;
- other consequences and damages associated with her injuries as may be specified as this action progresses; and
- damage to [her] vehicle and other personal property.

Compl. ¶¶ 14, 21. The defendants argue that "the facts asserted in the Complaint were not adequate for [them] to estimate the amount of damages sustained in the case and therefore the amount in controversy." Resp. 2. The defendants state that it was not until the plaintiff responded to their discovery requests that they were able to assess the removability of the case. *See id.* ("Plaintiff's discovery responses revealed information that allowed Douglas & Sons to determine that the amount in controversy was greater than $75,000.").

The plaintiff's discovery responses revealed that she experienced neck, back, and shoulder pain as a result of the collision. Resp. 3. Further, her responses state that she suffers lumbar and cervical muscle strain.  Additionally, she has incurred nearly $25,000 in medical expenses to date. *Id.* Moreover, the plaintiff continues to incur medical expenses, including expenses for "medical travel," and she claims over $5,000 in property damage to her vehicle. *Id.* Finally, the plaintiff reserves the right to make a claim for loss of future earnings capacity. *Id.* The defendants argue that this information, when combined with the plaintiff's general statements of loss and injury in her Complaint, reveals that the amount in controversy exceeds $75,000.

The plaintiff argues that the defendants' insurance company offered over $5,000 to settle the plaintiff's claims regarding her vehicle, and that the insurance company knew that the plaintiff's medical expenses exceeded $21,000. Reply 1–2. The

6

plaintiff attributes this information to the defendants.[2] As stated above, I will not inquire into the defendants' subjective knowledge; I should, instead, examine the initial pleading and the documents exchanged to determine when the defendants had notice of the grounds for removal. *See Tolley*, 591 F. Supp. 2d at 845; *Lovern*, 121 F.3d at 162.

A review of the Complaint shows that it omitted certain factual allegations regarding the extent of the plaintiff's damages. The defendants have shown that they were served with the plaintiff's discovery responses on June 29, 2016, and the defendants have alleged that the discovery responses permitted them to first ascertain proper grounds for removal. The defendants filed their Notice of Removal on July 28, 2016—within the thirty-day window allowed under the statute. Accordingly, I **FIND** that the defendants timely removed this case pursuant to 28 U.S.C. § 1446(b)(3).

## V.     Conclusion

For the reasons stated above, the plaintiff's Motion to Remand [ECF No. 5] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          September 21, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] "Presumably, when [the insurance company] hired defense counsel in this case[,] the entirety of their file was transferred to counsel to assist in the litigation process." Reply 2.